Per Curiam.

Trom the summary of the testimony we are constrained to say, there ought to have been a verdict for the defendant. In actions of this nature, the daughter is supposed to be violated with force, against the will and consent of the father. It is then, and then only, that he is entitled to compensation for the loss of her service. But when he consents or connives at the criminal intercourse, he seeks with very ill grace a retribution in damages. Vo-lenti non fit injuria. If lie be not particeps criminis, he is something very like it. His assurance in coming here for redress can be equalled only by the indifference with which he submitted to the sacrifice of his daughter’s chastity. We lay out of view the custom which it is agreed prevails in that part of the country, for young people, who are courting, to sleep together; nor can we conceive why this custom has been pressed into the plaintiff’s service. If it furnishes an excuse for his carelessness, or his daughter’s indiscretion, it is some apology also for the defendant. *At any rate, parents who countenance, or take no pains to abolish, at least within their own walls, a practice so indecorous or dangerous, have no right to complain, or ask satisfaction for consequences ■ which must so naturally follow from it. Nor is it an excuse for the parent to say that promises of marriage had been exchanged. If, under such engagements, he thought there was no harm in permitting what nothing but wedlock itself should have sanctioned, he knew the risk to which his daughter was exposed. These vows might be broken, or the young lady, as there is too much reason to believe was the case here, might, by her own indiscreet behavior, justify the lover in transferring his affections to some other object. On the daughter’s behavior, however, it is not necessary now to dwell, as we are not showing what measure of damages(a) would have been just, but that none at all ought to have been given. This will more properly become a subject of inquiry if she shall think *220 proper to bring an action for a breach of the marriage promise. The father’s conduct is more immediately in question in this suit; and as that was in the highest degree exceptionable, as he consented to if he did not encourage, knew of and took no measures to prevent the connections which has produced this action, we think it cannot be maintained. The verdict is, therefore, against law, and a new trial must be had. The judge having refused to nonsuit the plaintiff, as he ought to have done, the costs of the former trial must abide the event of the suit.
New trial

 Where the action is maintainable, the father may recover damages for the injury, “in losing the comfort of his child, in whose virtue he can feel no consolation, and as the parent of other children whose morals may be corrupted by her example.” Bedford v. M'Kewl, 3 Esp. Rep. 119. So if the *220 action be by a person who stands in loco parentis, has adopted and shelters under his roof, the damages may be augmented beyond the mere service, to compensate for the injury done to the object on whom lie has thus placed his affection. Edmonson v. Machell, 2 D. & E. 4; Irwin v. Dearman, 11 East, 23.