FLETCHER *against* RANDALL.

In cases of seduction, connivance of the parents a bar, and lewdness of the daughter a matter in mitigation.

TRESPASS *vi et armis* for debauching, &c., the plaintiff's daughter.

SPENCER, J. It has been determined, that where there is evidence, that the parent must have known that the course of conduct allowed by him, between the defendant and his daughter, would inevitably terminate in seduction, he shall not be entitled to damages for such seduction. Where the conduct of the daughter has been lewd, there the plaintiff is entitled only to a strict recompense for the loss of her service during pregnancy.(1)

(1) This point is fully supported by the case of *Akerly* v. *Haines*, 2 Caines, 292. In that case, the defendant's counsel contended, that the lewdness of the daughter, previous to the defendant's connection with her, was a bar to the action. But, the judge at *Nisi Prius* observed, in reply, that he could not see why a man, who had the misfortune to have an unchaste child, should not be recompensed for an injury of this kind. He suffered as much by the loss of her service, and paid as much for her confinement on her lying in, as if she had been virtuous and of fair character." This opinion was pronounced at bar to be right. The court, in refusing a motion for a new trial, said on this point, " The daughter not being virtuous, is no reason why her father, unless he connived at, and knew of her criminal intercourse, should not recover for the injury done to him by the loss of her service, and the expenses of her confinement."

In another case, where the parent endeavored to excuse himself by setting up an extraordinary usage prevailing in that part of the country where the parties lived—for young people to sleep together while courting—the court set aside a verdict which had been rendered, in his favor, against the seducer; and the judge who pronounced the opinion of the court, after commenting very indignantly upon the conduct of the parent, who knew of, and took no means to prevent the connection, declared it to be in the highest

Fletcher v. Randall.

degree exceptionable, and that the action could not be maintained for the seduction ; that the remedy, if there was any, was an action by the daughter for a breach of promise of marriage, which might, however, be also defeated if his conduct should be proved exceptionable.   *Seager* v. *Sligerland*, 2 Caines, 219.