ALBANY,
Feb. 1825.

Shufelt
v.
Rowley.

allowed, by the statute, only when the verdict is for the de-fendant. If the defendants had intended to avail them-selves of their set-off, they should have made a case, upon the mistake of the Judge, and obtained a new trial. But the set-off is not admissible against damages upon a bond for performance of covenants; it is confined to a bond for the payment of money.

*E. Williams*, in reply insisted that if a case were ne-cessary, it·lay with the plaintiff to make it. This was substantially a verdict for the defendants.

---

## SHUFELT *against* ROWLEY.

In trespass for assaulting and getting the plaintiff's daughter with child, the gist of the action is the loss of

IN TRESPASS, one count was for making an assault upon the plaintiff's daughter, and maltreating, debauching and getting her with child, with a *per quod*, &c. and another count was in trespass *quare domum fregit, et alia enormia*,

service. It is not technically an action of assault and battery; and if the plaintiff recover less than $250 he is entitled to common pleas costs only, within the statute. (1 R. L. 344, s. 4.)

To warrant a taxation of costs for the travel of witnesses, the amount of travel should ap pear by affidavit; otherwise not a single day's travel can be allowed.

&c. generally. General verdict for the plaintiff for $100 damages; and the commissioner taxed Supreme Court costs. He also allowed for witnesses, one day going and one day returning, when nothing appeared upon the affidavit of their attendance, as to where they resided, or how far they actually travelled.

*E. Williams*, moved for a re-taxation on both grounds.

*C. Bushnell*, contra, insisted on Supreme Court costs, as the action was for an assault and battery. He insisted that it came within the proviso in 1 R. L. 344, s. 4. He said, in relation to witnesses' fees, the practice is to tax for one day's going and one returning, of course.

*Williams*, said that by the 4th section, (1 R. L. 344,) all personal actions, not there excepted, carry common pleas costs only, unless the damages exceed $250. This is not one of the excepted cases.

*Curia.* This is not technically an action of assault and battery. The gist of the action, is the loss of service ; and the title to land not coming in question, the plaintiff is entitled to Common Pleas costs only. The practice, insisted on, of allowing for the travel of witnesses, without actual travel being shown by affidavit is erroneous. For aught that appears, the witnesses, in this case, may have all resided within a few rods of the place of travel. The affidavit should show the probable amount of travel. There must be a re-taxation, on both grounds.

**Rule accordingly.**