JAMES LAWRENCE, Respondent, *v.* GEORGE SPENCE,
Appellant.

*Seduction — an action by a father for the seduction of his daughter — will lie though the
daughter did not consent to the illicit connection.*

In an action by a father to recover damages for the seduction and consequent
loss of services of his daughter, it is no defense to show that the illicit con-
nection was had by force and without the consent of the daughter. (Learned,
P. J., doubting.)

Appeal from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a new
trial made upon the minutes of the justice before whom the action
was tried.

*R. A. Parmenter*, for the appellant.

*Henry A. Merritt*, for the respondent.

Boardman, J. :

This is an action for seduction and consequent loss of services of
plaintiff's daughter. The defendant appeals from the recovery had
and insists that the action cannot be maintained where the illicit
connection was had with force and not by the consent of the female.

The authorities are hostile to this position and no reason exists
why it should be established. A few of the cases relating to the
subject are cited : *Furman* v. *Applegate* (3 Zabriskie [N. J.], 28) ;
*Kennedy* v. *Shea* (110 Mass., 147) ; *Chamberlain* v. *Hazelwood* (5
Mee. & Wels., 515) ; *Lavery* v. *Crooke* (52 Wisc., 612) ; *Reed* v.
*Williams* (5 Sneed [Tenn.], 580) ; *Damon* v. *Moore* (5 Lans., 454).
From an examination of the cases cited, it is evident the rule is and
long has been that sexual intercourse accomplished by force is as
much the subject of an action as where it occurs by the consent of
the female. Nor can a reason be suggested why such should not be
the rule. The gist of the action is the loss of service and damage
sustained by the parent. That, in a case like the present, is the
same whether the result of force or consent.

The case of *Hogan* v. *Cregan* (6 Robt., 138) is cited in hostility
to the doctrine above expressed. But the point was not in that case

and what is said by the learned judge is *obiter* and doubtless not upon careful consideration. We cannot, therefore, consider it an authority upon the question now under review, even if not overruled by *Damon* v. *Moore (ante)*.

The charge of the court was quite too favorable to the defendant, yet the jury found against him. The damages cannot be deemed excessive.

The judgment should be affirmed, with costs.

BOCKES, J.:

I agree for affirmance, although I did not hear argument.

LEARNED, P. J.:

If the question had been properly raised I should doubt very much whether, in a case where the defendant had committed a rape (as is the testimony here), the jury could take into account, on the question of damages, the plaintiff's loss of comfort of the daughter "in whose virtue he can feel no consolation, and his anxiety as the parent of other children whose morals may be corrupted by her example." There is no bad example, there are no bad morals in the case of a woman upon whom, against her resistance, a rape has been committed. Such a woman has suffered a great wrong and is entitled to sympathy. But it is unjust to say that she could corrupt her father's family by her example. No exception, however, is taken to the charge on this point.

Judgment and order affirmed, with costs.