Nash, J.
 

 Three objections were urged before the Superior Court. The_/w\sji, because the action ought to have been trespass and not case; the
 
 second,
 
 because the action could not be sustained, before the birth of the child; and
 
 thirdly,
 
 because the action could not be sustained without proof of an actual contract for services, after the daughter became of age. These objections were over-ruled by the-presiding Judge, and we think very properly.
 

 It is unnecessary to point out the distinguishing marks between the actions of trespass and case, and the necessity, in ordinary cases, of adopting the form of action appropriated to the cause of complaint. It is admitted by text writers, and decided in many cases, that the plaintiff, in an action for seduction, may adopt either form at his option. He may either bring trespass for the direct injury, laying it with a
 
 per quod servilium amisit,
 
 or in case for the consequential damage. 3 Stephens, N. P. 2351, 2354. That trespass may be brought, is shewn by the cases of
 
 Woodward
 
 v.
 
 Walton,
 
 2 N. R. 476.
 
 Tulledge
 
 v
 
 Wade,
 
 3 Wilson, 18 — and that case may, by
 
 Dean
 
 v.
 
 Peel,
 
 3 East 43,
 
 Heavitt
 
 v.
 
 Prime,
 
 21 Wend. 79.
 
 Martin
 
 v.
 
 Payne,
 
 9 Johns. Rep. 387.
 
 Speight
 
 v.
 
 Olivera,
 
 3 Stark. 435, by Abbott, Chief Justice.
 
 Holloway
 
 v.
 
 Abell,
 
 32 Eng. Com. L. R. 615, and hy many other cases. In
 
 Chamberlain
 
 v.
 
 Hazelwood, 7
 
 Dow. Par. cases, cited in the 3d vol. of Stephens’ N. P. 2353, Mr. Baron Parker declares, that, al
 
 *20
 
 though there may have been no direct adjudication on the subject, it had been the constant practice with pleaders to de-dare in either way. These authorities abundantly shew, that the action was properly brought in case.
 

 The second exception is equally as untenable as the first. It assumes that the only consequential injury to the father, of which he has a right to complain, consists in the loss of the services of his daughter and the expenses he may incur during her confinement. This certainly is not so. If it were so, and pregnancy did not result from the seduction, the father would have no action. All the authorities shew that the relation of master and servant between the parent and the child is but a figment of the law, to open to him the door for the redress of his injury. It is the substratum, on which the action is built. The actual damage, which he has sustained, in juany, if not most cases, exists only in the humanity of the law, which seeks to vindicate his outraged feelings. He comes into the court as a master — he goes before the jury as a father./ He must indeed shew that his child stood to him in the rela-/ tion of a servant; and it matter's
 
 not how
 
 trivial the services she rendered — though it may have consisted but in pouringj out his tea he is entitled to his action.
 
 Carr
 
 v.
 
 Clark,
 
 2 Chitty 261.
 
 Mann
 
 v. Barrett, 6 Esp. 23. So it has been decided that the father need not shew any actual service rendered, if, át the time of the seduction she lives with her father or is under his control.
 
 Maunder
 
 v.
 
 Nun,
 
 M. & M. 323, cited 3 Stephens, N. P.
 
 Mann
 
 v.
 
 Barrett
 
 and
 
 Holloway
 
 v.
 
 Abell.
 
 Upon this objection, however, there is an express au-> thority, that the father can maintain the action before the con.-finement of his daughter, even though he has turned her out of doors, per Lord Denman in
 
 Joseph
 
 v.
 
 Cowen,
 
 cited 2 Steph. N. P. 2354, and Roscoe on Evid. 493. Both then upon authority and reason, the objection cannot be sustained.
 

 So neither can the third. In no case is an actual contract between the father and the daughter necessary to maintain the action. Before the child attains the age of twenty-one years, the law gives the father dominion over her, and, after.
 
 *21
 
 the law presumes the contract, when the daughter is so sitúa-ted, as to render services to the father, or is under his control; and this it does for the wisest and most benevolent of purposes, to preserve his domestic peace, by guarding from the spoiler the purity and innocence of his child. If this were not so, in those cases, where the degradation would carry the largest portion of anguish and distress, the unfortunate parent would be without redress, if his daughter were over twenty-one years of age. That the law is not as the defendant contends, is shewn by many of the cases cited upon the other points. To these may be added,
 
 Bennet
 
 v.
 
 Alcot,
 
 2 Term R. 166.
 
 Nicholson
 
 v.
 
 Stryker,
 
 10 Johns. Rep. 115, and
 
 Moran
 
 v.
 
 Dawes,
 
 4 Cow. 417. In this case the daughter lived in her father’s house at the time of the seduction, under his control and in the performance of actual services.
 

 Here this opinion might be closed, bu,t for another part of the charge. The presiding Judge told the jury, that, before the daughter came of age, the action might be sustained in his paternal character for the loss of her services, and, after ?he became of full age, it might be sustained by him as master, for services lost. The distinction is new to us. We have been able to find no case in which it is recognized. On the contrary, the whole history of the action clearly shews, that it rests upon the assumed or actual relation of master and servant, and that, as well before the daughter has attained twen-: ty-one as after. We notice this part of the charge, not because it at all enters into the decision of this case, as presented to us by the parties, but because we are not willing it should be supposed we acquiesce in its correctness. The defendant did not except to it, and in the case of
 
 King
 
 v
 
 Ring,
 
 4 Dev. & Bat. 168, the court say, “ the rule of this court is, to regard, as nearly as we can, the case made by the Judge in the light of a bill of exceptions for specified errors ,” and none others are considered here, unless they appear upon the record strictly so called. The only way, in which it could have been important in this case, was as it might have affected the damages ; and the defendant’s not excepting is strong evidence that it did not affect him injuriously,
 

 
 *22
 
 We see no error in the opinion of the presiding Judge in the points excepted to.
 

 Pee Curiam, Judgment affirmed.