89 545
58a 60

## MATHIAS LEUCKER

### *v.*

### NICHOLAS STEILEU.

1. SEDUCTION—*proof of seduction.* Proof of sexual intercourse between the defendant and the plaintiff's minor daughter while living with her father, followed by pregnancy, confinement and the birth of a child, is proof enough of seduction to sustain a suit by the father.

2. DAMAGES—*whether excessive.* In an action by a father for the seduction of his minor daughter and getting her with child, $500 damages was held not to be excessive, even though no arts were used to induce the daughter's consent.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of trespass, brought by the appellee against the appellant, for the seduction of plaintiff's daughter, Catharine Steileu.

The declaration contained but one count, charging that the defendant, on December 25, 1874, and on divers other days between that day and the commencement of this suit, in said Cook county, with force and arms, etc., assaulted, debauched and carnally knew one Catharine Steileu, then and from thenee hitherto being the daughter and servant of the plaintiff, whereby the said Catharine became pregnant and sick with child, and so remained for a long time then next following, by means of which said several premises, she, the said Catharine, from the day first above mentioned hitherto, there became and was unable to do or perform the necessary affairs and business of the plaintiff, and whereby the plaintiff, during all that time, lost and was deprived of the services of his said daughter and servant; and also, by means of the premises, the plaintiff was obliged to, and did necessarily pay out divers sums of money, in the whole amounting to $100, in and about the nursing and taking care of the said Catharine Steileu, his daughter and servant, and other wrongs the defendant to the plaintiff then and there did, etc.

The defendant pleaded the general issue. A trial was had, resulting in a verdict and judgment of $500 for the plaintiff.

Catharine Steileu testified, she was eighteen years old, and had always lived with her father, except that about three years before, she worked at defendant's about five weeks. That defendant was the husband of her mother's half-sister. That after she left his house she went to his saloon for some beer. When she went she was sick. He took her in the second room, did not say anything, but took her under her arms and put her down on a lounge, laid himself on her. He hurt me. Did not do that but once. I didn't say anything nor did he. I did not scream or cry out. He made me. He said if I hollered he would whip me. After he got through I went home. I went there again for beer some weeks afterwards. He did

not attempt anything next time. I continued at my father's. I was delivered at my father's. When this occurred he made me no promises and did not kiss me. I was in the room about half an hour.

Mr. S. ASHTON, for the appellant,

Contended, that the proof showed no seduction, and that the plaintiff, before he would be entitled to recover, must show, in addition to illicit intercourse, that the daughter's consent was obtained by flattery, promises or other artifices used by the defendant. *Delvee* v. *Boardman*, 20 Iowa, 446. That if it be claimed the term seduction, used, is a mere fiction, and that the suit is based upon loss of services, then the damages were excessive, there being in the proof no element of seduction shown.

In this class of cases the rule is, that it is competent to show particular instances of the daughter's previous lascivious conduct, as her previous misconduct may be shown in mitigation of 'damages. It was also claimed, that evidence of previous unchaste conduct is admissible in mitigation. *Bracy* v. *Kibbe*, 31 Barb. 273; *Zerfing* v. *Mowrer*, 2 Green, 520.

Testimony relating directly to facts bearing on the relations of persons whose conduct is in question, is a part of the *res gestæ*, and is proper. *Threadgool* v. *Litsgot*, 22 Mich. 271.

When the proof shows merely criminal connection, without seduction, the damages should be confined to the loss of services and the expenses incurred by the plaintiff, resulting from the act. *Hill* v. *Wilson*, 8 Blackf. 123.

Mr. T. A. MORAN, for the appellee:

Bouvier defines seduction, as "the act of a man in seducing a woman to commit unlawful sexual intercourse with him." It does not appear that any particular length of time is needed to be spent in the endeavor to have intercourse with a woman, to make it seduction. If the defendant, by taking this girl in his arms and laying her upon the lounge, and handling her

for a moment in a lascivious manner, so aroused her passion as to cause her to consent to have sexual intercourse, or if he took her into the room, and by the use of the influence he had over her by reason of being her uncle, or by fear, caused by his threats, he succeeded in hushing her outcries, preventing her resistance and obtaining a passive submission to his embraces, that would be a seduction, within the meaning of that term.

Counsel also cited *Kennedy* v. *Shea*, 110 Mass. 147 ; *Furman* v. *Applegate*, 3 Zab. 28 ; *White* v. *Murtland*, 71 Ill. 250.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action for the seduction of plaintiff's daughter, which resulted in a verdict and judgment for plaintiff, for $500 damages. The defendant appealed.

The evidence shows, that at the time of the act complained of, the daughter was living with her father, and was about fifteen years of age, and that the defendant was her uncle by marriage, he being the husband of her mother's sister or half-sister; that the girl became pregnant and was delivered of a child, the result, as the girl testified, of an act of sexual intercourse with the defendant. The defendant denied having such intercourse. The testimony of the daughter was corroborated by that of her father, the plaintiff, of admissions made by the defendant.

The point is made, that there was no seduction in the case. If the sexual intercourse, with the result testified to, took place, there was enough of seduction to sustain the suit. All that the declaration alleges, or need allege in this respect, is, that the defendant assaulted and debauched and carnally knew the daughter. In the case of *Kennedy* v. *Shea*, 110 Mass. 147, an action for seduction it was said, respecting this point: "As the gist of the action is, the debauching of the daughter and the consequent supposed or actual loss of her services, it is immaterial to the plaintiff's claim under what particular circumstances the injury was wrought, or whether it was accompanied

with force and violence or not.   The action will lie, although trespass *vi et armis* might have been sustained.   It would be no defense that the crime was rape and not seduction."

In *White* v. *Murtland*, 71 Ill. 268, a similar action, this court said: "Upon the principle that plaintiff's daughter was incapable of consenting, the fact that she yielded without force or seduction would not constitute a bar to the action.   Still, it seems to be settled, and properly so, that if a seduction be not proved, damages for seduction should not be given."

It is then urged, that the damages are excessive if none be allowed for seduction.   We do not so view them.

It is further objected, that an instruction given for the plaintiff was erroneous, that if the jury "shall believe, from the evidence, that the defendant seduced and had sexual intercourse," etc., in that it led the jury to believe that it was a case of seduction, and that there was no proof to base such an instruction upon.   We can not think, from the amount of the damages given, that the jury were in any way misled, or the case of the defendant prejudiced by the instruction.   The verdict might have been so large as to have justified a different conclusion.

There are some objections made, as to the admission and rejection of testimony, which we regard as without force.

It is objected that the verdict is not sustained by a preponderance of evidence.   The testimony was conflicting.   We perceive no sufficient reason for setting aside the verdict on the ground mentioned.

The newly discovered testimony set up, was but cumulative, and not sufficient ground for a new trial, according to the numerous decisions of this court.

Finding no sufficient reason for the reversal of the judgment, it is affirmed.

*Judgment affirmed.*