## B. F. Hoggins v. George Coad.

1. SEDUCTION—*Where No Recovery Can Be Had.*—Where the evidence in an action for seduction fails to show that the wife was actually seduced, but that her fall was rather the result of her own licentiousness, no damages can be recovered for actual seduction.

3. INSTRUCTIONS—*Assuming Matters Not Proven.*—An instruction which assumes the existence of matters not in evidence, is erroneous.

Trespass on the Case for seduction. Appeal from the Circuit Court of Jasper County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1894. Reversed and remanded. Opinion filed March 23, 1895.

GIBSON & JOHNSON, attorneys for appellant.

HORACE S. CLARK, attorney for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant for the seduction of his wife and recovered a judgment for the sum of $4,500.

According to appellee's testimony, when he found his wife and appellant on the bed together, *flagrante delicto,* he made no alarm, but started toward the stable to get his ax. The voice of his sweet child caused him to desist from his purpose to procure this murderous weapon. He returned to the house and found that appellant had gone to the stable,

Hoggins v. Coad.

whither he followed that gentleman whom he found there engaged in saddling his horse. Appellee called appellant an opprobious name, remonstrated with him for his ingratitude, and told him that death would be his portion were it not for his, appellee's, two children. Appellee was appellant's tenant. Appellant was an unmarried man and had been boarding with appellee part of the time for some years. After appellee had found his wife and landlord in the act of adultery, the three continued to live and eat together for some time as they had been doing theretofore. Appellee was evidently not a man of very fine feelings on the subject of his wife's infidelity. This is no reason under the law, however, why he should not recover damages; and yet the verdict should not be permitted to remain undisturbed, if the jury were authorized by the instructions to estimate the damages on an improper basis.

Three instructions were given for appellee, and all of them related to the question of damages. The second and third of these instructions are argumentative, and give the jury undue liberty in the assessment of damages.

The second instruction states that, while loss of service is a proper element of damages, the real and substantial damages are for the alienation of the wife's affection, the loss of her society, etc., " and all other proper considerations applicable to the circumstances and surroundings of each particular case."

The final clause of this instruction is indeed a sweeping permit to the jury to determine for themselves without any direction from the court, what " other considerations " might properly be made the basis of damages. It is impossible to tell what liberty might be assumed by a jury under such circumstances. Part of the damages awarded may have been given upon grounds not recognized by the law or justified by the evidence; and where the damages are large, an error of this nature can not be overlooked.

The third instruction is as follows: " The ground upon which evidence of a pecuniary condition and ability of defendant is allowed to be given to the jury and to be considered by them is, that actions for seduction are given not

only as a means of compensating the injured party, but for the punishment of the seducer as well, and what might be an adequate punishment to one person under certain circumstances, might not be to another under different circumstances. Besides, the pecuniary circumstances and station of the seducer may have contributed largely, with other artifices, persuasions, promises and professions employed, to accomplish the ruin of his victim, and in all cases the question of damages is left to the judgment and discretion of the jury in each particular case, to be arrived at by them from all the facts and circumstances proven in the case."

This instruction practically tells the jury that appellant is a seducer, that his pecuniary circumstances may have aided him in the seduction, and that he used artifices, persuasions, promises and professions to accomplish the ruin of his victim. There is no evidence to show the employment of any artifice, or the use of any persuasion, promise or profession for this purpose. The evidence does not show that the wife was actually seduced, but shows rather that her fall was the result of her own licentiousness. Under such circumstances no damages can be recovered for an actual seduction.

In White v. Murtland, 71 Ill. 250, it was said: "Upon the principle that plaintiff's daughter was incapable of consenting, the fact that she yielded without force or seduction would not constitute a bar to the action. Still it seems to be settled, and properly so, that if a seduction be not proved, damages for seduction should not be given." The verdict in the White case was for the sum of $6,000, and the court, in reversing the judgment, made use of the following language: "Inasmuch as the damages awarded are very large, if not excessive, we feel constrained to reverse the judgment for the errors pointed out, believing that it (the case) ought to go before another jury."

See in this connection Leucker v. Steilen, 89 Ill. 545, and Sedgwick on the Measure of Damages, 5th Ed., p. 633 and notes.

Under these authorities it was error to give appellee's

third instruction. A part of the large amount of damages allowed may have been for seduction in fact, when no actual seduction was proved. The instruction is also objectionable as being argumentative, as before stated.

The discussion of the other questions argued is deemed unnecessary.

For the errors indicated, the judgment is reversed and the cause is remanded.