COTTON v. MANUFACTURING COMPANY.

(Filed November 7, 1906).

*Master and Servant—Defective Appliances—Knowledge of Master—Negligence—Instructions.*

1. In an action for personal injuries alleged to have been sustained by reason of the defective character of defendant's machine, a charge that if the jury found "that the machine at which plaintiff was injured was defective and that the defective condition of the machine was the proximate cause of the injury," they would answer the first issue "Yes," was not erroneous because it left out of consideration the question as to whether the defendant knew, or by the exercise of reasonable care could have known, of its defective condition, where the plaintiff did not even suggest on the trial that if the machine was defective it should not be charged with constructive knowledge of its condition.

2. Instructions to the jury are to be considered with reference to the theory upon which the case is tried, and with reference to the evidence and contentions of the parties.

Petition to rehear this case by defendant, which was heard at the Spring Term, 1906, of this Court and a *per curiam* judgment rendered. 141 N. C., 876.

This was an action to recover damages for injury received in defendant's mill while working at a calendar-machine. The cause was tried upon the following issues: 1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Ans.: Yes. 2. Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer? Ans.: No. 3. What damages, if any, is plaintiff entitled to recover? Ans.: $425.

Petition dismissed.

*Tillett & Guthrie* for the petitioner.
*Stewart & McRae* in opposition.

Brown, J. This appeal was considered by the Court at the last term and a *per curiam* judgment rendered, affirming the judgment without filing an opinion. There was no new question presented arising upon the law of negligence nor any novel application of an old principle. We regarded the case as involving largely questions of fact which we thought had been fully and correctly presented to the jury. We think so still; but in deference to the earnestness of the learned counsel for the defendant we give our reasons why the petition to rehear is dismissed.

The plaintiff contends that his hand was hurt while in the discharge of his duties in operating a calendar-machine. It seems that the machine suddenly started up while plaintiff was cramming the cloth in between the rollers with his fingers, and crushed them. The plaintiff had called one Fautkinberry to start the machine while he threaded it. The cloth slipped, and in obedience to plaintiff's orders Fautkinberry stopped the machine and plaintiff began to cram the cloth in the rollers. The machine suddenly started up and injured plaintiff's hand. Defendant contends that Fautkinberry

142—34

started it up. Plaintiff contends it started up itself because
of its worn and defective character. Defendant denies that
said machine was defective in any way, but contends it was
in perfect condition. There was evidence introduced on
both sides as to why the machine started up and to its con-
dition.

The defendant bases its petition to rehear upon the follow-
ing portion of the charge: "The Court charges you that if
you find from the greater weight of the evidence that the
machine at which the plaintiff was injured was defective,
and that the defective condition of the machine was the proxi-
mate cause of the injury, you will answer the first issue
'Yes.'"

The petitioner contends that the charge of the Court was
erroneous in that it directed the jury to find the issue in favor
of the plaintiff if the jury should find that the machine was
defective and the defective condition of the machine was the
proximate cause of the injury, and thus left out of considera-
tion the essential question as to whether the defendant knew,
or by the exercise of reasonable care could have known, of its
defective condition. It is apparent upon the record that only
three issuable facts were presented by the defendant upon
the trial below and considered by the Court, viz.: 1. That
plaintiff was injured by the act of Fautkinberry, his fellow-
servant. 2. That the machine was not defective. 3. That
plaintiff was guilty of contributory negligence.

There is absolutely no evidence upon which to charge plain-
tiff with negligence; and as to the injury being due to the
negligence of his co-servant, that was put to the jury fairly
and fully by the Court, and they were specifically instructed
to find for defendant, if the machine was started up by
Fautkinberry, whereby plaintiff was hurt.

The plaintiff offered evidence tending to prove that the
calendar-machine was old and defective; that the gearing
was worn and in bad repair, so that the machine when thrown

COTTON *v.* MANUFACTURING COMPANY.

out of gear would unexpectedly fly in gear, causing an unlooked-for start of the calendar. This was denied by the defendant, and evidence offered to prove that the machine was of a kind in general use and in perfect order. The defendant did not even suggest, much less contend, that if the machine was defective it should not be charged with constructive knowledge of its condition, doubtless for the reason that if plaintiff's version of the evidence should be adopted by the jury, the defects were of such a character, were so manifest, and had continued for so long, that defendant as a matter of law would be held to knowledge of them. This is perfectly manifest from reading the defendant's prayers for instruction, as well as the Judge's statement of the contentions of the parties. The Court gave all of defendant's instructions, as we gather from the record, as there is no exception for failure to give any of defendant's prayers.

Instructions to the jury are to be considered with reference to the theory upon which the case is tried, and with reference to the evidence and contentions of the parties. Says Chief *Justice Ruffin:* "The language of the Judge is to be read with reference to the evidence and the point disputed on trial, and of course is to be construed with the contexts." *State v. Tilly,* 25 N. C., 424. We did not overlook the principles laid down in *Hudson v. Railroad,* 104 N. C., 491, and we fully approve them; but we do not think the third proposition in the first paragraph of the syllabus in that case was contended for or even suggested by defendant on the trial of this case. As defendant did not think the proposition worth contending for, we think his Honor was excusable in not presenting it to the jury.

Petition Dismissed.

WALKER, J., did not sit on the hearing of this petition.