W. H. TILLOTSON, Jr., v. L. A. CURRIN.

(Filed 20 November, 1918.)

1. **Parent and Child—Seduction of Child—Rape of Child—Loss of Services—Measure of Damages—Mental Anguish.**

   The recovery of damages allowed the father against one who has debauched his daughter grows out of the relationship of master and servant for loss of services; but in the relationship of father, he may recover for mental suffering and anguish caused by his humiliation and sense of dishonor and for expenses incurred, and also punitive damages.

2. **Parent and Child— Rape of Child— Seduction of Child— Age— Parties—Constitutional Law—Feigned Issues—Statutes.**

   Damages may be recovered by the father against one who has debauched his daughter under twenty-one years of age, but if over that age she must sue in her own right under the provisions of our Constitution abolishing feigned issues and our statute requiring that actions be brought by the real party in interest. Revisal, sec. 400.

3. **Parent and Child—Rape of Child—Seduction of Child—Age—Burden of Proof—Trials.**

   The right of action of the father against one who has debauched his daughter depending upon whether or not she had reached the age of twenty-one, and also this fact being peculiarly within his own knowledge, the burden is on him to show that at the time in question she was under age.

4. **Appeal and Error—Harmless Error—Rape of Child—Seduction of Child—Age.**

   Where it appears, in an action brought by the father to recover damages against one for debauching his daughter, that the case has been tried below upon the contentions only as to whether the daughter was twenty years of age at the time or only eighteen years, a charge of the court to the jury erroneously placing upon the defendant the burden of showing the woman's age is harmless and will not entitle the defendant to a new trial.

5. **Parent and Child—Seduction of Child—Rape—Force—Loss of Services—Actions.**

   It is not necessary to the father's action against one who has debauched his daughter under the age of twenty-one that the intercourse should have been induced by the defendant's solicitation, force being in aggravation of the damages allowed; and upon the birth of a child in consequence, the loss of her services will be presumed.

6. **Evidence—Character—Particular Acts.**

   Evidence as to particular acts of misconduct is properly excluded on the question of the general character of a party to the action; in this case, whether the plaintiff in an action for damages for debauching his daughter had the reputation of selling whiskey in violation of law.

7. **Appeal and Error—Excluded Answers—Prejudice.**

   It must be shown on appeal that excluded answers to questions were prejudicial in order to constitute reversible error.

**8. Courts—Supreme Court—Newly Discovered Evidence—Motions Denied—Opinions.**

Motions made for a new trial in the Supreme Court, upon insufficient newly discovered evidence will be denied without giving an opinion.

APPEAL by defendant from *Bond, J.,* at the April Term, 1918, of GRANVILLE.

This is an action brought by the father to recover damages for the seduction of his daughter. The evidence of the plaintiff tended to prove that the intercourse with the daughter was brought about by force, and that the daughter was under twenty-one years of age. The defendant denied that he had intercourse with the daughter. The daughter has given birth to a child, and she testified the defendant was its father. At the conclusion of the evidence the defendant moved for judgment of nonsuit upon the ground that the father could not maintain an action for intercourse with the daughter produced by force. Motion overruled and the defendant excepted.

The court charged the jury, among other things, as follows: "The plaintiff alleges that the girl was about nineteen years of age; the defendant contends you ought to find she is older than nineteen. The burden is on the defendant to show by greater weight of evidence that she was older than she is represented by plaintiff to have been, and you will answer that issue according as you find the facts to be from the evidence in the cause, the burden to show her age to be in excess of nineteen being upon the defendant by the greater weight of the evidence."

The defendant excepted.

There were several exceptions to evidence, which will be referred to in the opinion.

The jury returned the following verdict:

1. Did the defendant, Lucius A. Currin, seduce and debauch plaintiff's daughter, as alleged in the complaint? Answer: "Yes."

2. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: "$4,129.16⅔."

3. What damage, if any, has defendant Currin sustained by reason of the wrongful arrest under process issued in this cause? Answer: ........

4. How old was Tessie Tillotson at the time the child referred to was begotten? Answer: "Eighteen years."

Judgment was rendered in favor of the plaintiff, and the defendant appealed.

*B. S. Royster, D. G. Brummitt, and F. W. Hancock, Jr., for plaintiff.*
*Hicks & Stem, T. Lanier, T. T. Hicks, and V. S. Bryant for defendant.*

TILLOTSON *v.* CURRIN.

ALLEN, J.   The right of the father to recover for debauching his daughter is based upon the loss of services growing out of the relation of master and servant, which, as said by *Nash, J.,* in *Briggs v. Evans,* 27 N. C., 20, is "a figment of the law to open to him the door for the redress of his injury," but is, however, "the substratum on which the action is built."   If the daughter is under twenty-one years of age, the loss of services is presumed and no evidence of the fact need be offered; and if over twenty-one, the slightest service, such as handing a cup of tea, milking a cow, is sufficient at common law to support the action (*Snider v. Newell,* 132 N. C., 614); but while the father "comes into court as a master, he goes before the jury as a father" (*Briggs v. Evans, supra*), and may recover damages for his humiliation, loss of the society of his daughter, and mental suffering and anguish, destruction of his household, sense of dishonor, as well as expenses incurred and for loss of services, and the jury may also award exemplary damages as a punishment.   *Williford v. Bailey,* 132 N. C., 404.

If, then, the action is founded on the relation of master and servant and the loss of service resulting from the unlawful intercourse, why should not the action be maintained when these facts are proven, whether the intercourse is induced by solicitation or force?   And we have present here the relation of parent and child, which, for the purpose of the action, is the equivalent of master and servant, proof of the intercourse, and that the daughter was a minor, and of the birth of a child, from which loss of service is presumed.

We have no case in our Reports directly presenting the question as to the effect upon the right of action of procuring the intercourse by force, but the authorities elsewhere fully sustain the position of the plaintiff, and the principle is involved in the statement of *Pearson, J.,* in *McAuley v. Birkhead,* 35 N. C., 30, that "The gravamen of the action is that the defendant had connection with the plaintiff's daughter, who was sixteen years of age, and a member of his household, and in contemplation of law his servant, whereby she became pregnant and was delivered of a child, by reason of which he lost her services.   The plaintiff having proven these allegations made out his case and was entitled to damages to some amount."

The author says in 35 Cyc., 1296: "Neither the element of force nor the fact that the female was unconscious at the time of the sexual intercourse will defeat the action, and it has been held that in an action by a woman for her own seduction force may be shown in aggravation of the injury."   The cases of *Marshall v. Taylor,* 98 Cal., 55; *Kennedy v. Shaw,* 110 Mass., 147, and *Velthouse v. Alderink,* 153 Mich., 217, are cited in support of the text, and to these may be added *Furman v. Applegate,* 23 N. J. L., 28; *White v. Murtland,* 20 A. R., 100; *Dorman v.*

31—176

*Moore,* 5 Lans., 454; *Wooten v. Geissen,* 9 La. Ann., 523; *Leucker v. Steileu,* 31 A. R., 104; *Leucker v. Steileu,* 89 Ill., 545.

The Court says in the case from California: "Where a parent sued for the seduction of his daughter and consequent loss of services, and it appears that the intercourse was accomplished by force, such a showing will not defeat the action, but will aggravate the injury."

In the case from Massachusetts: "As the gist of the action is the debauching of the daughter, and the consequent supposed or actual loss of her services, it is immaterial to the plaintiff's claim under what special circumstances the injury was wrought, or whether it was accompanied with force and violence or not. The action will lie although trespass *vi et armis* might have been sustained. It would be no defense that the crime was rape and not seduction."

And in the Illinois case: "We do not think there is any legal foundation for the claim that defendant could be held to less responsibility for forcible wrong than for seduction without force. The outrage is quite as great and the mischief quite as offensive."

We are, therefore, of opinion on reason and authority, that the evidence of force would not justify the denial of the right to maintain the action, and that the motion for judgment of nonsuit was properly overruled.

The exception to the charge presents the question as to the burden of proof to show the age of the daughter, the plaintiff contending that the defendant is required to prove that she was twenty-one years of age or more, and the defendant that the duty is imposed on the plaintiff to prove that she was under that age, and his Honor holding that the burden was on the defendant. It will be noted we have said the father could maintain the action at common law, although his daughter was of age, but the rule is different under our Constitution, which abolishes "feigned issues," and under our Code, which requires actions to be brought by the real party in interest.

"The section 177 (now Revisal, sec. 400) having provided that an action should be brought by the real party in interest, it should be beyond controversy that where an action is for seduction of a woman of full age, she, and not the father, is the proper one to bring the action. . . . The plaintiff (in that action the woman) being of age is the real party in interest. She is the only one who now could maintain the action. The father certainly cannot." *Hood v. Sudderth,* 111 N. C., 220, approved in *Scarlett v. Norwood,* 115 N. C., 285; *Willeford v. Bailey,* 132 N. C., 404; *Snider v. Newell,* 132 N. C., 614.

If this is a correct statement of the law as it is in this State, the father has no right of action unless his daughter is under twenty-one years of age, and it is essential to the maintenance of his action that

he prove and establish her minority, and the burden of proof must, therefore, be on him to establish the fact that his daughter is under age, without which he cannot maintain his action.

It is also well established "that when a particular fact necessary to be proved rests peculiarly within the knowledge of a party, upon him rests the burden of proof" (*Mitchell v. R. R.,* 124 N. C., 236, approved in *Walker v. Carpenter,* 144 N. C., 681), a principle which may be properly applied as between a father, who ought to know the age of his child, and a stranger.

We therefore conclude that the charge as to the burden of proof is erroneous, and for this error would order a new trial if it was material, harmful or prejudicial; but while there is very slight evidence that the daughter was twenty-one at the time of the seduction, the defendant did not rely upon this evidence and made no contention she was more than twenty, and if under twenty-one, the right of action was as complete in the father at twenty as at eighteen years of age.

"Instructions to the jury are to be considered with reference to the theory upon which the case is tried, and with reference to the evidence and contentions of the parties." *Cotton v. Mfg. Co.,* 142 N. C., 531.

His Honor charged the jury, without objection, as follows: "Defendant contends that you ought to find from the evidence in this case that she was twenty-one this last birthday (February) and twenty at the time of this occurrence. Plaintiff contends you ought to find she was eighteen, and defendant contends you ought to find she was twenty. Defendant contends they have tried to deceive you about that, and that was to make it appear she was younger than she really was. Defendant contends they brought statistics, one taken by the school census; that it was taken by a public officer in the discharge of a public duty, and contained entries made when no one had a motive for misrepresenting them, and, according to evidence, obtained information from family of the plaintiff which would make her twenty years old at time this occurrence took place. Defendant contends they offered statistics from Washington City, which they contend were taken by a public officer in the discharge of his duty at two different times, when no one misrepresented the facts, and those papers show her age was given as being such which would make her twenty years old when this occurrence took place."

The exceptions to evidence relate to character and to specific acts of misconduct on the part of the plaintiff and his family.

The plaintiff introduced ten witnesses who testified that he was a man of good character, and that his daughter's character was good before the occurrence complained of.

The defendant proved a good character by twelve witnesses.

Defendant testified, without objection, that plaintiff had been for some time a maker and seller of whiskey, and gave several instances. He offered to testify to other instances in which plaintiff sold and handled whiskey, but on objection this was excluded, and defendant excepted.

Defendant's witness, J. B. Powell, testified, on redirect, after plaintiff had attempted to prove a good character by him, that plaintiff had the reputation for the last year or two of handling whiskey about town.

Defendant offered to testify that plaintiff's wife, who was in court, but did not go on the stand, frequently sold whiskey at her home and other places. This testimony was, on objection by plaintiff, excluded, and defendant excepted.

The evidence as to particular facts was properly excluded "for the reason that they do not necessarily tend to establish a general character; that they confuse the jury by raising collateral issues, and especially that a party is presumed to be ready to defend his own general reputation or that of his witnesses, but not to meet specified charges against either without notice." *Nixon v. McKinney,* 105 N. C., 28, and cases cited, *S. v. Holley,* 155 N. C., 485.

The defendant also introduced four witnesses, Newton, Lyon, Parrott, and Jenkins, and asked each if he knew the reputation of the plaintiff for selling whiskey, and, upon objection, the witness was not permitted to answer. It does not appear whether the answer of Newton, Lyon, or Parrott would have been "Yes" or "No," and as there is nothing in the record to show that the refusal of the court to permit these witnesses to answer was in any way prejudicial to the defendant, it cannot in any way be held reversible error. As to the witness Jenkins, the defendant stated that he expected the answer to the question to be "Yes," without indicating upon what the expectation rested, but however this may be, the witness answered the question and said, "I think his reputation was good until the last year or so. I have heard rumors against his character in the last two years that I would consider against him."

We have given careful consideration to the brief of the learned counsel for the defendant and to the contentions made upon the oral argument, but we cannot find that there is any error which entitles the defendant to a new trial. We have also examined and considered the motion for a new trial because of newly discovered evidence, and not finding sufficient ground in our opinion for granting the motion, it is denied without an opinion thereon, which is in accordance with our precedents.

No error.