CARRIE FIELDS, BY HER NEXT FRIEND, N. B. FIELDS, v. WALTER T. BRINSON.

(Filed 3 March, 1920.)

**Seduction—Force—Pleadings—Allegations—Issues.**

In an action by the father for seduction of his infant daughter, 16 years of age, upon allegation that the defendant "did seduce, debauch, and violently force the plaintiff, and had sexual intercourse with her against her will," two issues were submitted, (1) Did the defendant unlawfully and forcibly assault and carnally know and abuse the plaintiff as alleged? and (2) Did he wrongfully seduce and carnally know the plaintiff as alleged? *Held*, the issues were proper and an affirmative verdict upon either would have been legal, and the defendant cannot complain of a negative finding upon the first, acquitting him of civil liability for a capital charge, with an affirmative verdict upon the second issue. *Tillotson v. Currin*, 176 N. C., 481, cited and applied.

APPEAL by defendant from *Kerr, J.,* at November Term, 1919, of CRAVEN.

This is an action for damages brought by the plaintiff as father, and also as next friend, on behalf of his daughter, a girl 16 years of age, for seduction.

Verdict and judgment for the plaintiff; appeal by defendant.

*Moore & Dunn and A. D. Ward for plaintiff.*
*D. L. Ward, E. M. Green, and Guion & Guion for defendant.*

CLARK, C. J. The complaint avers that the defendant "did seduce, debauch, and violently force the plaintiff, and had sexual intercourse with her against her will," alleging injury, etc. The defendant tendered as the sole issue, "Did the defendant assault the plaintiff, Carrie Fields, and have intercourse with her forcibly and against her will, as alleged in the complaint?" The judge submitted two issues:

"1. Did the defendant unlawfully and forcibly assault and carnally know and abuse the plaintiff, as alleged?

"2. Did the defendant wrongfully seduce and carnally know the plaintiff, as alleged?"

The third issue was to damages. The defendant excepted to the submission of the second issue. The jury responded "No" to the first issue, and "Yes" to the second, and assessed damages.

If this had been a criminal action, the issue requested by the defendant would have made him liable to capital punishment if found in the affirmative, though the jury could have convicted of the lesser offense, as in this case.

There was no error in submitting the two issues, as they are both embraced in the allegation in the complaint, and the defendant cannot complain that under the issues submitted he was acquitted of civil liability for the capital charge.

Even if the charge and proof had been of the greater offense, and only the first issue had been submitted, the verdict as rendered would have been legal.

The whole matter has been so very fully and thoroughly discussed by *Allen, J.,* in *Tillotson v. Currin,* 176 N. C., 481, as to every phase of the action, that he has left nothing to be added. After quoting from 35 Cyc., 1296, to the above effect, and numerous cases there cited, *Judge Allen* said: "The Court says in the case from California (*Marshall v. Taylor,* 98 Cal., 55): 'Where a parent sued for the seduction of his daughter and consequent loss of services, and it appears that the intercourse was accomplished by force, such showing will not defeat the action, but will aggravate the injury.'

"In the case from Massachusetts (*Kennedy v. Shaw,* 110 Mass., 147): 'As the gist of the action is the debauching of the daughter, and the con-

sequent supposed or actual loss of her services, it is immaterial to the plaintiff's claim under what special circumstances the injury was wrought, or whether it was accompanied with force and violence or not. The action will lie, although trespass *vi et armis* might have been sustained. It would be no defense that the crime was rape and not seduction.'

"And in the Illinois case (*Leucker v. Steileu,* 89 Ill., 545; *S. c.,* 31 A. 104) it is said: 'We do not think there is any legal foundation for the claim that defendant could be held to less responsibility for forcible wrong than for seduction without force. The outrage is quite as great and the mischief quite as offensive.'

"We are, therefore, of opinion, on reason and authority, that the evidence of force would not justify the denial of the right to maintain the action, and that the motion for judgment of nonsuit was properly overruled."

*Judge Allen* also cites, to support the above, *Velthouse v. Alderink,* 153 Mich., 217; *Furman v. Applegate,* 23 N. J. L., 28; *White v. Murtland,* 20 A. R., 100; *Dorman v. Moore,* 5 Lans., 454; *Wooten v. Geissen,* 9 La. Ann., 523. To the same general principle are *S. v. Cody,* 60 N. C., 197; *S. v. Halford,* 104 N. C., 877.

The other exceptions in this appeal need no discussion. Indeed, the case was almost entirely one of fact, and as to the law it is completely covered by the very able opinion in *Tillotson v. Currin, supra.* The defendant cites no authority whatever in his brief.

No error.