### ANNIE STILES HYATT v. W. L. McCOY.

(Filed 10 June, 1927.)

1. **Actions—Husband and Wife—Parties—Constitutional Law—Seduction Statutes.**

    Under the provisions of our State Constitution, feigned issues are abolished, and actions should be brought by the real parties in interest, and under the provisions of C. S., 2513, an unmarried woman who has been seduced may, in proper instances, maintain her action for damages against her seducer.

2. **Seduction—Married Women—Voluntary Submission — Support — Actions.**

    An action by a married woman for damages caused by seduction of her virtue by the defendant will not lie when it is made to appear that she yielded to him under his promises to provide for her and her husband, who was disabled from earning a support for them.

APPEAL by plaintiff from *Stack, J.,* at April Term, 1927, of MACON.

The plaintiff brought suit to recover damages for seduction; the defendant demurred to the complaint; the demurrer was sustained, and the plaintiff excepted and appealed.

A summary of the material allegations of the complaint follows: The plaintiff is a married woman; her husband was Perry Hyatt; they were

married 21 April, 1912; her husband, while working for the defendant suffered serious physical injury, and was afterwards unable to gain a livelihood; the defendant told her that he was a man of means and would support her and her husband; on various occasions he made similar promises. He spent much time in her company, rode with her in his car, and said he would give her a lot and build a house on it for her husband and herself. By means of flattery and false and fraudulent statements he persuaded her to submit to his embraces on several occasions, and on 27 August, 1926, she gave birth to a child. The circumstances of this bare outline are stated with particularity in the complaint, but a minute recital here is not necessary to an understanding of the legal questions that are involved.

The defendant demurred to the complaint on three grounds:

1. That it appears from the complaint that the plaintiff has no legal capacity to sue and maintain this action.

2. That the complaint does not state facts sufficient to constitute a cause of action.

3. That it appears from the complaint that the plaintiff is a married woman and is incapable of bringing and maintaining this action.

*Horn & Patton and Bryson & Bryson for plaintiff.*
*Moody & Moody, McKinley Edwards and Henry G. Robertson for defendant.*

ADAMS, J. The first and third grounds of demurrer were overruled, and the only question for decision is whether the complaint states facts sufficient to constitute a cause of action. It is provided by statute that damages for personal injuries or other tort sustained by a married woman may be recovered by her without the joinder of her husband; and her right to bring suit is not affected by any distinction between a negligent and a wilful wrong. C. S., 2513; *Roberts v. Roberts,* 185 N. C., 566; *Crowell v. Crowell,* 180 N. C., 516. But the specific point we are now to consider is this: Is a married woman who yields to the seductive embraces of a married man and thereby becomes a partaker of his crime authorized by the law to maintain an action against him for damages, under the allegations contained in the complaint?

To avoid confusion we must bear in mind that the controlling principle is not that upon which the husband may bring suit for the seduction of his wife or the alienation of her affections, or upon which the parent may sue for the wrong done his child, or the master for the wrong done his servant. At common law the action was based upon the relation of master and servant, not upon that of parent and child or husband and wife, and the measure of damages was such as the master would recover

HYATT v. McCOY.

for the injury to his servant. This relation, however, is regarded as a fiction. "All the authorities show that the relation of master and servant between parent and child is but a figment of the law, to open to him the door for the redress of his injury. It is the substratum on which the action is built. The actual damage which he has sustained in many, if not in most cases, exists only in the humanity of the law, which seeks to vindicate his outraged feelings."—*Nash, J.,* in *Briggs v. Evans,* 27 N. C., 16. See, also, *Kinney v. Laughenour,* 89 N. C., 365; *Scarlett v. Norwood,* 115 N. C., 284; *Willeford v. Bailey,* 132 N. C., 402; *Snider v. Newell, ibid.,* 614; *Tillotson v. Currin,* 176 N. C., 479.

This fictitious relation denied to a woman the right to maintain an action under the common law for her seduction. In some of the States the right has been conferred by statute; with us it has been recognized by judicial decision on the theory that feigned issues are abolished and that the woman is the real party in interest. Const., Art. IV, sec. 1; C. S., 446. In *Hood v. Sudderth,* 111 N. C., 215, 219, it is said: "The Code, sec. 177, having provided that an action should be brought by the real party in interest, it should be beyond controversy that where an action is for seduction of a woman of full age she, and not the father, is the proper one to bring the action." There the suit, brought by the woman was sustained, the complaint having been construed as broad enough to include an action for breach of promise to marry, for fraud and deceit, for injury to character and person, and for seduction. In *Strider v. Lewey,* 176 N. C., 448, the plaintiff, a minor, alleged that "the defendant, her grandfather, took advantage of her youth and inexperience, and with wicked and diabolical design upon her innocence and virtue induced her to submit to his wishes"; and *Hood v. Sudderth* was cited as a precedent for the action. The basis of the action in *Hardin v. Davis,* 183 N. C., 46, was not so much a breach of promise as "deception, enticement, or other artifice." The plaintiff in each of these cases was unmarried; each plaintiff was the victim of a false promise of marriage, or of dominating influence, or of fraud and deception upon which she reasonably relied. The Court has never held that the principle announced in these cases is applicable to an action instituted by a married woman to recover damages for her seduction. Indeed, the weight of authority denies such application of the principle. The general rule is that the plaintiff must bring forward evidence, not only that she was seduced, but that she was unmarried at the time of the seduction. 35 Cyc., 1311, 1319; 24 R. C. L., 770. A married woman by reason of the marital relation acquires a knowledge which ought to guard her from dangers of which an unmarried woman might have no knowledge. 24 R. C. L., 738; *Jennings v. Comrs.,* 21 L. A. R. (N. S.),

266n. Moreover, a woman cannot maintain an action for her own seduction if the surrender of her person is induced by the promise of compensation in money or its equivalent. In such event she is regarded as a voluntary accomplice, a partaker of the defendant's crime, and, in the words of *Parsons, C. J.,* "She cannot come into court and obtain satisfaction for an injury to which she was consenting." *Paul v. Frazier,* 3 Mass., 71; *Strider v. Lewey, supra.*

The representations leading up to the alleged injury are set forth in the complaint. The defendant promised to furnish money for the support of the plaintiff and her husband; he gave assurance that he was wealthy, and that they should be free from want; that he had bought two lots on Lake Emory and would give the plaintiff one of them and build a house on it for her; and, in short, that he would amply provide for the needs of the plaintiff and her husband.

These statements portray the character of the declarations by which the plaintiff was "led astray," as well as her motive in yielding consent. If the declarations were false the motive, considered in the light most favorable to the plaintiff, was the hope of pecuniary aid; but this reward of iniquity the law does not palliate or condone. We concur in his Honor's opinion that the action cannot be maintained. The judgment is

Affirmed.